NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEPHTALI RODRIGUEZ,** | : |
| Plaintiff, | : |
| | : Civil No. 15-4117 (ES) (JAD) |
| v. | : |
| | : **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | : |
| Defendant. | : |

Pending before the Court is Defendant United States of America's motion to dismiss Plaintiff Nephtali Rodriguez's complaint under Federal Rule of Civil Procedure 12(b)(1). (D.E. No. 2). Plaintiff did not file opposition to Defendant's motion. The Court decides Defendant's motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Court will GRANT Defendant's motion and dismiss Plaintiff's complaint without prejudice.

On May 22, 2015, Plaintiff commenced this action by filing a *pro se* complaint in the Hudson County Superior Court's Small Claims Section against the United States Postal Service ("USPS") alleging that Plaintiff's "car was hit by a postal truck causing damages to [his] bumper," and demanding $1006.00 plus costs. (*See* D.E. No. 1, Exhibit 1 to Government's Notice of Removal ("Compl.") at 9). Defendant removed the matter to this Court and requested that the United States be substituted as the named defendant pursuant to 28 U.S.C. § 2679(d)(2).[1] (D.E. No. 1, Government's Notice of Removal ("Rem. Notice") ¶¶ 4-9).

---

[1] Section 2679(d)(2) states:

On June 18, 2015, the Government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See generally* D.E. No. 2). On June 19, 2015, the Government filed an amended memorandum of law in support of its motion to dismiss, asserting that Plaintiff's complaint "failed to allege subject matter jurisdiction," and that Plaintiff "has failed to exhaust . . . administrative remedies" under the Federal Tort Claims Act ("FTCA"). (*See* D.E. No. 3, Amended Memorandum of Law in Support of Motion to Dismiss at 4-5). As noted, Plaintiff did not file opposition to Defendant's motion.

"Pursuant to the FTCA, the United States has consented to being sued in tort under certain limited circumstances." *Kieffer v. Vilk*, 8 F. Supp. 2d 387, 392 (D.N.J. 1998). The FTCA provides the exclusive means by which an individual may seek redress for tort claims against government employees. *See United States v. Smith*, 499 U.S. 160, 161-62 (1991) (citing 28 U.S.C. § 2679(b)(1)). Under the doctrine of sovereign immunity, neither federal employees nor federal agencies are subject to liability for personal injuries arising out of their negligence, *see Kieffer*, 8 F. Supp. 2d at 393-94; "the United States is the only proper defendant in a suit for personal injuries arising out of the negligence of federal employees," *Dilg v. U.S. Postal Serv.*, 635 F. Supp. 406, 407 (D.N.J. 1985).

"In order to promote the efficient disposition of claims against the government, the FTCA establishes an administrative system. The claimant is required to file a claim with the agency allegedly responsible for her injuries." *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996). If

---

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

the claim is denied, or if the agency fails to make a final decision within six months, "the claimant may then file suit in federal court." *Id.* Specifically, 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Failure to exhaust administrative remedies is a bar to district court jurisdiction over such claims. *See Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1074 (D.N.J. 1995) ("Fulfillment of the administrative exhaustion requirement is essential to a court's subject matter jurisdiction over a claim under the FTCA.").

"The determination as to whether the exhaustion requirement has been fulfilled is made with reference to the applicable agency administrative regulations." *Id.* at 1075. The USPS's regulations state that "a claim shall be deemed to have been presented when the . . . Postal Service receives from a claimant, his [or her] duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 39 C.F.R. § 912.5. As to final denial of the claim, the regulations state that "[f]inal denial of an administrative claim shall be in writing and sent to the claimant, his [or her] attorney, or legal representative by certified or registered mail. The notification of final denial . . . shall include a statement that, if the claimant is dissatisfied with the agency action, he [or she] may file suit in [a] . . . District Court . . . ." 39 C.F.R. § 912.9.

Here, Plaintiff has failed to exhaust his administrative remedies. It appears that Plaintiff filed a complaint with the Hudson County Superior Court Small Claims Section in the first

instance. (Compl. at 9). Nothing suggests that "an executed Standard Form 95 [or] Claim for Damage or Injury," 39 C.F.R. § 912.5, has been filed with USPS in this matter. Although a summons was issued for USPS, (Compl. at 6), and it may be inferred from the Government's removal of the action that USPS is on notice of Plaintiff's claim, it is unlikely that the summons and complaint filed in the Superior Court of New Jersey qualify as "other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property" under 39 C.F.R. § 912.5. Furthermore, Plaintiff has not established that he has received a "final denial" of his claim within the meaning of 39 C.F.R. § 912.9, or that six months have passed since first providing notice of his claim to USPS, *see Reo*, 98 F.3d at 75.

Because Plaintiff has failed to exhaust his administrative remedies, this Court lacks subject matter jurisdiction over his claims and Plaintiff's complaint must be dismissed, *see Martinez*, 875 F. Supp. at 1076-77. The Court notes that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate [f]ederal agency *within two years* after such claim accrues *or unless action is begun within six months* after the date of mailing, by certified or registered mail, *of notice of final denial* of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). Neither the summons nor complaint contain information as to the date of the alleged incident; only the date of the summons's issuance and complaint's filing is noted. (*See* Compl. at 6-9). However, the Court recognizes that it is possible for Plaintiff to timely comply with the exhaustion-of-administrative-remedies requirement outlined above and contained in 28 U.S.C. § 2675(a), and 39 C.F.R. §§ 912.5 and 912.9, so long as Plaintiff presents his claim to USPS within two years of the date of accrual.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**